PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 08/2021)

FILED - USDC - NDTX - SA
OCT 10 '23 PM3:34

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

Clifton Crews Hoyt 01989279
Plaintiff's Name and ID Number

Kegans ISF, 707 Top Street
Houston, TX 77002
Place of Confinement

CASE NO. 6:23-CV-059-H
(Clerk will assign the number)

v. Richard Villareal Prosecuting District Attorney for Tom Green County
124 W. Beauregard Ave. San Angelo, TX 76904
Defendant's Name and Address

391st District Court for Tom Green County
112 W. Beauregard Ave. San Angelo, TX 76904
Defendant's Name and Address

~~[scribbled out]~~
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

NOTICE:

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $52.00 for a total fee of **$402.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $52.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES ✓ NO
    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
        1. Approximate date of filing lawsuit:_____
        2. Parties to previous lawsuit:
           Plaintiff(s)_____
           Defendant(s)_____
        3. Court: (If federal, name the district; if state, name the county.)_____
        4. Cause number:_____
        5. Name of judge to whom case was assigned: _____
        6. Disposition: (Was the case dismissed, appealed, still pending?) _____
        7. Approximate date of disposition:_____

II. PLACE OF PRESENT CONFINEMENT: Kegans ISF 707 Top Street Houston, TX 77002

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ✓ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Clifton Crews Hoyt #01989279 Kegans ISF 707 Top Street Houston, TX 77002

All actors under-color-of-state-law:

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: In his individual and official capacity. Richard Villareal Prosecuting District Attorney for Tom Green County, 124 W. Beauregard Ave., San Angelo, TX 76904

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. He knowingly and intentionally illicited fabricatedly constructed testimony from arresting officer. Committed Double Jeopardy.

Defendant #2: In it's official capacity, Tom Green County's 391st District Court. Committed Double Jeopardy. 112 W. Beauregard Ave., San Angelo, TX 76904

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. The trial court knowingly and intentionally permitted Double Jeopardy to be committed under its jurisdictional authority.

Defendant #3: ~~[scribbled out]~~

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

3

V.   STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

This is a 42 U.S.C. §1983 claim for injunctive relief from Tom Green County's 391st District Court trial court Cause Number D-13-0316-SB. The prosecution was a violation of the Double Jeopardy Clause of the Fifth Amendment because it was based upon the "same offense" used as a sentencing enhancement within the same trial-court's Cause Number D-10-0665-SA. The prosecutor knowingly and intentionally illicited fabricatedly constructed testimony from arresting officer, Antonio Aguilar, in order to be able to... (con't attachment)

VI.   RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Order immediate Injunctive Relief from the Sentencings ~~received which~~, and an Order barring retrial of the aforementioned Cause Numbers.

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
Clifton Crews Hoyt & no aliases.

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
#01989279   04441445   S.O.#36202

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   ___YES ✓NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division):_____
   2. Case number:_____
   3. Approximate date sanctions were imposed:_____
   4. Have the sanctions been lifted or otherwise satisfied?   ___YES ___NO

4

C. Has any court ever warned or notified you that sanctions could be imposed?   ____ YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date warning was issued: _____

Executed on: 8/15/23
           DATE

_Clifton Crews Hoyt_
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this  15th  day of  August , 20 23 .
           (Day)              (month)        (year)

_Clifton Crews Hoyt_
(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

5

convict twice; and to sentence (twice) this Plaintiff to two concurrently-running sentences which are, in effect, double convictions for the same alleged offense of Driving While Intoxicated.

Trial-court Cause Number D-13-0316-SB was used at the end of trial-court Cause Number D-10-0665-SA as a sentencing enhancement by the District Attorney in which the trial-court had to have rendered a conviction in Judgment for that alleged offense at that time (approximately June 11, 2014). Prior to that, Cause Number D-13-0316-SB was an unadjudicated offense alleging driving under the influence of alcohol. Therefore, by using it as a sentencing enhancement, the trial-court thereby entered in a conviction for DWI under the influence of alcohol for Cause Number D-13-0316-SB and also added additional sentencing to Cause Number D-10-0665-SA as a result. A conviction and a sentence were rendered for Cause Number D-13-0316-SB at the tail-end of the trial concerning Cause Number D-10-0665-SA from the testimony given by the former's arresting officer, Antonio Aguilar.

Then, nine months later (approximately March 13, 2015), another trial was held for Cause Number D-13-0316-SB in the same 391st District Court of Tom Green County by the same prosecuting attorney and utilizing the same arresting officer's testimony which had already been used to render the aforementioned conviction and sentencing nine months prior at the tail-end of the trial of Cause Number D-10-0665-SA. This action violated the Double Jeopardy Clause of the U.S. Constitution's Fifth Amendment which states: "... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb".

The second subsequently-held trial for Cause Number

6

D-13-0316-SB illicited fabricatedly constructed testimony in order to render a second conviction. The prosecutor knowingly and intentionally illicited the fabricatedly constructed testimony from Aguilar for that purpose because the Texas Penal Code Annotated Section 49.01(2)(A) clearly renders the definition that the intoxicant can be "alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or another substance."

Statutorily, therefore, the conviction and sentencing rendered at the end of Cause Number D-10-0665-SA according to the alcohol-intoxicant theory of Antonio Aguilar for his statement regarding the facts of Cause Number D-13-0316-SB and, then, later the illicited and fabricatingly constructed altered version of Antonio Aguilar's marijuana-intoxication theory at the trial for Cause Number D-13-0316-SB, held nine months later, is, by statutory definition, the "same offense", which the prosecutor and the trial-court knew, or should have known, were precluded by the Double Jeopardy Clause to be reprosecuted, retried, reconvicted, and resentenced because they are not factually distinct elements but, rather, one-and-the-same alleged offense.

*[signature: Clifton Crews Hoyt]*

7