UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

CLIFTON CREWS HOYT,
Institutional ID No. 01989279

      Plaintiff,

v.               No. 6:23-CV-00059-H

RICHARD VILLARREAL, *et al.*,

      Defendants.

## ORDER

Plaintiff filed a civil-rights complaint under 42 U.S.C. § 1983. He did not pay the filing fee, but he filed an application to proceed *in forma pauperis* (IFP). Now, because Plaintiff has failed to inform the Court of his current address and has failed to comply with the Court's orders, the case must be dismissed for failure to prosecute.

The Court notes that the signed complaint form included the declaration "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." Dkt. No. 1 at 5. And when this case was filed on October 10, 2023, the Clerk mailed Plaintiff the Court's standard notice and instructions for pro se parties. Dkt. No. 4. The notice again informed Plaintiff that he must promptly notify the Court of any address changes and warned him that his case may be dismissed if he fails to do so.

The document above was mailed to Plaintiff at the address he provided in his complaint—the TDCJ Kegans State Jail—but the envelope containing the notice and instructions for pro se parties was returned to the Clerk unopened on October 24, 2023. *See* Dkt. No. 5. The envelope was marked "RTS" (Return to Sender), "Released," "Return to Sender. Not Deliverable as Addressed. Unable to Forward." *Id.* Plaintiff has not provided the Court

with his current address since the mail was returned on October 24, 2023.  In fact, he has not

communicated with the Court in any way since filing his case.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action

sua sponte for failure to prosecute or to comply with a court order.  *Larson v. Scott*, 157 F.3d

1030, 1031 (5th Cir. 1998).  "The power to invoke this sanction is necessary in order to prevent

undue delays in the disposition of pending cases and to avoid congestion in the calendars of the

District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

This case cannot proceed because Plaintiff's current address is unknown.  As a result, the

Court finds that this civil action must be dismissed without prejudice for failure to prosecute.

So ordered.

Judgment will be entered accordingly.

All relief not expressly granted is denied and any pending motions are denied.

Plaintiff is admonished that if he refiles his complaint, he must file his complete

complaint on the appropriate form and either pay the full filing fee or file an IFP application and

a certificate of his inmate trust account.

Dated December 12, 2023.

_____
JAMES WESLEY HENDRIX
United States District Judge

2